IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER LEMKE, individually and on
behalf of all others similarly situated,

                Plaintiff,                        OPINION AND ORDER

    v.
                                                    No. 21-cv-278-wmc

KRAFT HEINZ FOOD COMPANY,

                Defendant.

---

In this putative class action, plaintiff Christopher Lemke challenges the truthfulness of defendant Kraft Heinz Foods Company's representation that its "Bagel Bites" product consists of "mini bagels with mozzarella cheese and tomato sauce." (Am. Compl. (dkt #6) ¶ 5.) Plaintiff purports to bring his challenges under a variety of legal theories, including express warranty, fraud, unjust enrichment and unfair trade practice violations, although all depend on the overarching question of consumer confusion resulting from the Bagel Bites' product label. Defendant Kraft has moved to dismiss Lemke's amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Dkt. #10.) Even viewing all of the allegations in the amended complaint in a light most favorable to plaintiff, the court concludes that the Bagel Bites' label is on its face neither false, deceptive, or misleading, nor leads to consumer confusion more generally. As such, the court agrees that plaintiff has failed to state a claim and will grant defendant's motion.

ALLEGATIONS OF FACT[1]

Plaintiff Lemke is a resident of Brookfield, Wisconsin, and a consumer. (Am. Compl. (dkt #6) ¶ 92.) Defendant Kraft is a Pennsylvania company with its principal place of business in Pittsburgh. (*Id.* ¶ 81.) Kraft manufacturers the "Bagel Bites" pizza bagel product for distribution. (*Id.* ¶ 1.) The product packaging that Kraft attaches outside of each product includes the image introduced by plaintiff in the Amended Complaint, which is reproduced here.



(*Id.* ¶ 4.) In particular for purposes of the pending motion, the front product label states the name of the product and contains in bold "**mozzarella cheese**" and directly below that, in much smaller font "mini bagels with mozzarella cheese and tomato sauce." (*Id.* ¶ 67.) As plaintiff points out, in a separate green circle this label also states in small font

---

[1] Under Rule 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all inferences in the plaintiff's favor. *Killingsworth v. HSBC Bank Nev.*, 507 F.3d 614, 618 (7th Cir. 2007).

that the product was "MADE WITH REAL CHEESE."

Central to plaintiff Lemke's claims is his allegation that "consumers are deceived by the representations because the Product does not contain 'real' mozzarella cheese and tomato sauce, as these foods are understood and expected by consumers." (*Id.* ¶ 5.) Also central to his contentions is the ingredient list that Kraft attaches to each product and also reproduced here.

INGREDIENTS: BAGEL HALVES (ENRICHED FLOUR [WHEAT FLOUR, ENZYME, ASCORBIC ACID, NIACIN, REDUCED IRON, THIAMINE MONONITRATE, RIBOFLAVIN, FOLIC ACID], WATER, SALT, INVERT CANE SYRUP, YEAST, SOYBEAN OIL), CHEESE BLEND (PART-SKIM MOZZARELLA CHEESE [PART-SKIM MILK, CHEESE CULTURES, SALT, ENZYMES], MODIFIED FOOD STARCH, SKIM MILK), SAUCE (WATER, TOMATO PASTE, INVERT CANE SYRUP, MODIFIED CORN STARCH, SALT, METHYLCELLULOSE, CITRIC ACID, POTASSIUM CHLORIDE, AMMONIUM CHLORIDE, SPICE, YEAST EXTRACT, NATURAL FLAVOR, CALCIUM LACTATE), WATER, INVERT CANE SYRUP.

(*Id.* ¶ 20.) In particular to the pending motion, the list includes as ingredients: (1) "cheese blend (part-skim mozzarella cheese [part-skim milk, cheese cultures, salt, enzymes], modified food starch, skim milk)"; and (2) "sauce (water, tomato paste, invert cane syrup, modified corn starch, salt, methylcellulose, citric acid, potassium chloride, ammonium chloride, spice, yeast extract, natural flavor, calcium lactate)." (*Id.*)

Lemke purchased Kraft's "Bagel Bites" snack "on multiple occasions" during the summer of 2020, including from a Woodman's Market in Waukesha, Wisconsin. (*Id.* ¶ 88.) Among other things, Lemke alleges that he repeatedly purchased the product due to the packaging's representation that it "contained mozzarella cheese and tomato sauce"

3

*and* would not have done so absent those "misrepresentations and omissions."[2] (*Id.* ¶ 89.) Specifically, Lemke alleges Kraft's assertions that the product contains "mozzarella cheese" and "tomato sauce" are misleading, since the product contains neither. (*Id.*) Finally, Lemke alleges that once the alleged misrepresentations are rectified, he "will purchase the Product again when he can do so." (*Id.* ¶¶ 90-91.)

OPINION

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). Lemke is correct that Rule 12(b)(6) does not permit "dismissals based on a judge's disbelief of a complaint's factual allegations." (Pl.'s Opp'n (dkt. #16) 4.) This phase of the proceedings is not "an opportunity for the court to find facts or weigh evidence," something reserved for summary judgment or, where there is a legitimate dispute, for trial. *My Health Inc. v. Gen. Elec. Co.,* No. 15-CB-80-JDP, 2015 WL 9474293, at *2 (W.D. Wis. Dec. 28, 2015).

Still, plaintiff must "provide the grounds of his entitlement to relief . . . and a formal recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor is Rule 12(b)(6) an opportunity to "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal,* 556 U.S. at 678-79. The determination of

---

[2] Plaintiff also alleges that Wisconsin "produces the highest quality cheeses" (Am. Compl. (dkt #6) ¶ 14), something which this court must also accept as true for purposes of the present motion, and which this judge, admittedly a less than objective observer as to that assertion, does willingly, although its relevance is open to question.

whether a complaint states a claim for relief that is plausible on its face is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

Defendant posits several grounds for dismissal, a number of which plaintiff concedes in his opposition brief would appear to have merit. However, the court need not address all of these grounds because all of plaintiff's claims are predicated on consumer confusion in three, basic respects: (1) the representation of a "mozzarella cheese blend" as "mozzarella cheese"; (2) the use of "part-skim" milk in the cheese blend; and (3) the nature of the "tomato sauce." Considering plaintiff's various claims together with respect to these underlying areas of alleged confusion, plaintiff and defendant both rely on *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468 (7th Cir. 2020). As the court noted in *Tropp v. Prairie Farms Dairy, Inc.,* No. 20-CV-1035-JDP, 2021 WL 5416639 (W.D. Wis. Nov. 19, 2021), *Bell* "summarized 10 states' consumer protection laws (not including Wisconsin) as requiring the plaintiffs to prove 'that the relevant labels are likely to deceive reasonable consumers, which requires a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.'" *Id*. at *4 (citing *Bell v. Publix*, 982 F.3d at 474-75). As it must, the court will again follow the Seventh Circuit's guidance in evaluating the merits of defendant's motion to dismiss in this case as to each of the alleged areas of consumer confusion.

I. Mozzarella Cheese Blend

First, plaintiff addresses the ingredient referred to on the front of the product as "mozzarella cheese," and on the back as a "cheese blend" consisting of "part-skim

5

mozzarella cheese," "modified food starch," and "skim milk." (Am. Compl. (dkt. #6) ¶¶ 4, 20.) According to plaintiff, "[r]easonable consumers do not expect a cheese blend with modified food starch where the front label promises 'Mozzarella Cheese' and 'REAL' cheese." (*Id.* ¶ 24.)

As an initial matter, defendant is correct that the federal Food Drug and Cosmetic Act ("FDCA"), 21 U.S.C. § 301 *et seq.*, applies here. Moreover, under the FDCA, state food labelling requirements are preempted, and the states are prohibited from adopting requirements other than those "identical to the requirement" established in federal law. 21 U.S.C. § 343-1(a)(3). For its part, defendant points to a federal regulation defining mozzarella cheese as a "food prepared from dairy ingredients" that may include not just "dairy ingredients," but also "clotting enzymes" and "salt." 21 C.F.R. § 133.155(b)(1)-(3). Furthermore, defendant relies on a separate, related federal regulation stating that the part-skim cheese in a product "conforms to the definition and standard of identity as prescribed for mozzarella cheese by § 133.155, except that its milk fat content . . . is less than 45 percent but not less than 30 percent." 21 C.F.R. § 133.157. Because its current product labelling for Bagel Bites conforms with this FDCA labelling standards, defendant argues that any additional labelling requirement plaintiff may claim under state law "not identical to the [federal] requirement" is preempted. 21 U.S.C. § 343-1(a)(3).

In response, plaintiff attempts to draw parallels between the labelling of the cheese in this case to the labelling of the cheese product in *Bell*. However, in *Bell*, the product at issue represented itself to be "100% Grated Parmesan." 982 F.3d at 473. Here, the product labels does not claim to be "100% mozzarella cheese," nor contain some other

6

phrase conveying that the product *only* contains mozzarella cheese. With any of those hypothetical labels, a similar misrepresentation as found in *Bell* would arguably be present, thus foreclosing a decision on the pleadings, but the cheese label at issue in this case represents no more than "mozzarella cheese," which is further defined in the ingredients list as "part-skim milk, cheese cultures, salt, enzymes." (Am. Compl. (dkt. #6) ¶ 20.) Similarly, the remainder of the front packaging contains no other statement that belies the ingredients list on the back of the product.

Furthermore, as defendant points out, the Seventh Circuit recently, similarly distinguished *Bell* in *Weaver v. Champion Petfoods USA Inc.,* 3 F.4th 927 (7th Cir. 2021). In that case, "Champion's packaging did not represent that it was made with 100% fresh regional ingredients." 3 F.4th at 938. The Seventh Circuit found that this alone distinguished *Bell* from the case at hand and affirmed the dismissal of that complaint. In fairness, the *Weaver* court also noted that the plaintiffs in *Bell* had "included allegations that they had conducted consumer surveys showing that consumers were misled by the label," 3 F.4th at 938, but no equivalent representation or claim was made in *Weaver*, nor has plaintiff so alleged here. Therefore, plaintiff's attempt to rely on *Bell* to oppose dismissal fails in light of *Weaver*. The court concludes that plaintiffs have failed to plausibly allege that a reasonable consumer could be misled by the use of "mozzarella cheese" or "REAL cheese" on the Bagel Bites product label.

## II. "Part-skim" Mozzarella

Plaintiff also takes issue with the inclusion of "part-skim mozzarella" in the list of the "cheese blend" ingredients. Specifically, plaintiff argues that the front packaging label

7

is misleading because it only claimed to contain "Mozzarella Cheese," *not* "part-skim mozzarella cheese" as disclosed in the ingredients list. (Am. Compl. (dkt. #6) ¶ 20.) However, part-skim mozzarella is nevertheless mozzarella cheese under current, preemptive FDA law, or, at least, plaintiff has failed to plausibly allege that it is not. In opposition to defendant's motion, plaintiff argues that certain, other FDA regulations require a distinction between the two kinds of mozzarella cheese for the purposes of product packaging. However, the regulations referenced by plaintiff bolster defendant's argument that "part-skim" mozzarella fits within the standard promulgated for claims to "mozzarella cheese" under 21 C.F.R. § 133.157. Indeed, as plaintiff concedes, the only difference between "mozzarella cheese" in 21 C.F.R. § 133.155 and "part-skim mozzarella cheese" in 21 C.F.R. § 133.157 is the milkfat content. Perhaps this explains plaintiff's argument, in his opposition brief without any other substantiation that "milkfat is the most valuable part of milk" (Pl.'s Opp'n (dkt. #16) 10), but it does not strengthen his argument that a consumer would be misled by the use of "mozzarella cheese" on the label when the product contains "park-skim" mozzarella cheese, nor is it relevant to consumer understanding of the product's label.

      Confusingly, in arguing that "defendant's efforts at selling 'part skim mozzarella' as 'mozzarella' is not a novel type of fraud," plaintiff's counsel cites the same cases used in a previous, unsuccessful food labelling suit before this court (the newest of which was decided in 1975). (Pl.'s Opp'n (dkt. #16) 9.) Indeed, the claims asserted in *See Tropp v. Prairie Farms Dairy, Inc.*, 2021 WL 5416639, are similar to those in this case, except for the labelling, which concerned "Premium Vanilla Bean Ice Cream." *Id*. at *5. In that case,

plaintiff's counsel argued that "defendant's efforts at passing off artificial vanilla in place of extractives from vanilla beans is not a novel type of fraud." Brief in Opposition at 6, *Tropp v. Prairie Farms Dairy, Inc.*, No. 20-CV-1035-JDP (W.D. Wis. Nov. 19, 2021), ECF No. 23. This court determined that the cases cited by plaintiff's counsel "deal[t] with issues that ha[d] little relevance to [that defendant's] motion to dismiss." *Tropp,* 2021 WL5416639, at *6. As Judge Peterson held in *Tropp*, "none of those cases are instructive" to the dispositive issues with reference to "part skim" mozzarella as fraudulent now before the court either. *Id.* at *5.

Plaintiff cites *Dairy Queen of Wisconsin, Inc. v. McDowell*, 260 Wis. 471, 476-77, 51 N.W.2d 34 (1952), which dealt with specific butterfat percentage requirements for dairy products to be labelled as "ice cream," ignoring that *Dairy Queen* concerned Wisconsin's statutes specifically addressing the marketing of ice cream. Here, plaintiff asserts general consumer fraud without claiming a violation of any specific Wisconsin statute regarding "pizza bagel" contents or labelling or even mozzarella cheese. Next, plaintiff cites *Carolene Products Co. v. United States*, 323 U.S. 18 (1944), which is also easily distinguished from the present case. *Carolene Products* dealt with a federal statute banning interstate shipment of skim milk enhanced with fat or oil. However, as in *Dairy Queen*, a statute had been passed to specifically target the behavior -- the "filling" of the milk -- prohibited by the federal Filled Milk Act. Certainly, were there a specific statute that prohibited the usage of "part skim" mozzarella or a "cheese blend" more generally in the production of pizza bagels or other products marketed as containing "mozzarella cheese," then plaintiff's claim would have substantially more traction. The other cases cited by plaintiff similarly concern

9

the legality of certain products. *E.g., Coffee-Rich, Inc. v. Dept. of Agriculture*, 70 Wis. 2d 265, 234 N.W.2d 270 (1975) (holding that a statute banning the sale of nondairy coffee creamer was unconstitutional); *Hebe Co. v. Shaw,* 248 U.S. 297 (1919) (holding that a bill restricting sale of evaporated milk was constitutional).

Arguably the most relevant of the cases cited by plaintiff is *Day-Bergwall Co. v. State*, 190 Wis. 8, 207 N.W. 959 (1926), although it, too, is remarkedly dated and easily distinguishable. In *Day-Bergwall*, the defendant manufactured and sold of an artificial vanilla flavoring known as "Van cu co," consisting of synthetic chemicals vanillin and coumarin, combined with caramel coloring, water, and alcohol. *Id.* at 961. This mixture was represented to be "vanilla extract," a non-synthetic liquid including natural vanillin extracted from vanilla bean. However, the court found that the defendant's caramel coloring was added to the product for the purpose of "producing a substance which in its appearance can readily be taken for vanilla extract." *Id.* at 962. For obvious reasons, the facts are not analogous to the product or representations under consideration here. "Van cu co" was never recognized as a form of vanilla extract, but as an artificial product attempting to masquerade as a natural product of the extraction process from the vanilla bean. In contrast, "part-skim" mozzarella cheese is still mozzarella cheese under preemptive federal law, and plaintiff has not shown otherwise.

In the absence of any relevant legal authority to support plaintiff's claim that the representation of "part-skim mozzarella" as "mozzarella cheese" is actionably misleading despite federal law to the contrary, therefore, plaintiff has failed to state a claim on this basis.

**III. Tomato Sauce**

Finally, plaintiff asserts claims based on the product's characterization of the mixture of "water, tomato paste, invert cane syrup, modified corn starch, salt, methylcellulose, citric acid, potassium chloride, ammonium chloride, spice, yeast extract, natural flavor, and calcium lactate" as "tomato sauce." (Am. Compl. (dkt. #6) ¶ 54.)  The heading of this portion of the amended complaint states that "the product does not contain tomato sauce (*id.* at p.10), but the complaint actually alleges that "[c]onsumers expect a product claiming to contain 'Tomato Sauce' will contain tomatoes in a puree or paste form, and seasonings" (*id.* ¶ 54).  To buttress this claim further, plaintiff also alleges that "[c]onsumers value tomatoes in tomato sauce more than cornstarch and methylcellulose because tomatoes are rich in lycopene, an antioxidant that contributes to heart health and reduction in cancer risk." (*Id.* ¶ 61.) Putting aside the conclusory nature of this allegation, defendant again points to the FDA Compliance Policy Guide, which states that "no standard of identity has been established for tomato sauce," and instead, merely requires that the sauce and constituent ingredients be properly displayed in the ingredient list.  FDA Compliance Policy Guide § 525.800, *available at* https://www.fda.gov/regulatory-information/search-fda-guidance-documents/cpg-sec-525800-tomato-sauce-or-tomato-hot-sauce-labeling.  However, not only does this document demonstrate that "tomato sauce" is a loose category with no specific formulation requirements, other than contents of "not less than 8.37 percent of salt-free tomato solids," *id.*, but plaintiff's contention that consumers are concerned about the chemical makeup of their tomatoes seems incongruous

11

with his other arguments that consumers simply expect the purest and most basic form of every ingredient advertised on the front of a product's package.

Because Lemke has not plausibly alleged that a reasonable consumer *won't* receive the "mozzarella cheese," "real cheese" and "tomato sauce" provided on the front of the package of defendant's Bagel Bites, plaintiff has failed to state a claim for relief. As such, this court agrees with the recent decisions issued by the Northern and Southern District Courts of Illinois, as well as the Southern District of New York, in rejecting other suits brought by plaintiff's counsel for advancing an interpretation of a product's packaging that is "unreasonable and unactionable."[3] *Chiappetta v. Kellogg Sales Co.*, No. 21-CV-3545, 2022 WL 602505, at *5 (N.D. Ill. Mar. 1, 2022).

ORDER

IT IS ORDERED that:

1) Defendant Kraft Heinz Foods Company's motion to dismiss (dkt. #10) is GRANTED.

2) Defendant's motion for leave to obtain copy of May 6, 2021, hearing transcript (dkt. #14) is DENIED AS MOOT.

---

[3] *See, e.g., Tropp v. Prairie Farms Dairy, Inc.,* No. 20-CV-1035-JDP, 2021 WL 5416639 (W.D. Wis. Nov. 19, 2021) (dismissing class action over misleading packaging of "Premium Vanilla Bean Ice Cream"); *Floyd v. Pepperidge Farm, Inc.*, No. 21-CV-00525, 2022 WL 203071 (S.D. Ill. Jan. 24, 2022) (granting motion to dismiss in class action over misleading packaging of "golden butter" crackers); *Chiappetta v. Kellogg Sales Co.*, No. 21-CV-3545, 2022 WL 602505 (N.D. Ill. Mar. 1, 2022) (dismissing class action over misleading packaging of "Strawberry Pop-Tarts"); *Yu v. Dreyer's Grand Ice Cream, Inc.*, No. 20-CV-08512, 2022 WL 799563 (S.D.N.Y. Mar. 16, 2022) (dismissing class action suit regarding misleading packaging of ice cream)*; Zurliene v. Dreyer's Grand Ice Cream, Inc.*, No. 3:21-CV-747-DWD, 2022 WL 816636 (S.D. Ill. Mar. 17, 2022) (dismissing another class action over misleading packaging of ice cream); *Cerretti v. Whole Foods Market Group, Inc.*, No. 20-CV-5516, 2022 WL 1062793 (N.D. Ill. Apr. 8, 2022) (dismissing yet another similar class action over ice cream).

3) This case is DISMISSED for failure to state a claim.

Entered this 6th day of May, 2022.

          BY THE COURT:

          /s/

          _____
          WILLIAM M. CONLEY
          District Judge